# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SC SHINE PLLC d/b/a 7 to 7 Dental and POTRANCO 7 TO 7 PLLC, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Civil Action No. 5:22-cv-00834-JKP |
| AETNA LIFE INSURANCE COMPANY and AETNA DENTAL, INC., | § § § | |
| *Defendants*. | § § § § | |

---

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

---

**FRANCIS & TOTUSEK, L.L.P.**

Blair G. Francis
Texas State Bar No. 07354900
Thomas G. Seidler
Texas State Bar No. 24121113
(W.D. TX Admission Pending)
500 North Akard Street, Suite 1830
Dallas, TX 75201
Telephone: (214) 740-7250
Facsimile:  (214) 740-4266
blair.francis@ftllplaw.com
thomas.seidler@ftllplaw.com

***Attorneys for Plaintiffs SC Shine PLLC and Potranco 7 to 7 PLLC***

i

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

PROCEDURAL BACKGROUND ............................................................................. 1

STANDARD OF REVIEW ......................................................................................... 2

ARGUMENT ............................................................................................................... 2

I.    7 to 7 Pleads Sufficient Representative Plan Provisions Violated By Aetna To Survive Dismissal On Its Claim For ERISA Benefits (Count 1). .................... 2

II.    Aetna Fails To Meet Its Burden To Show That ERISA Preempts 7 to 7's State Law Claims (Counts 2-10)................................................................................. 4

    A.    7 to 7's claim for breach of implied contract (Count 2) is not preempted because it does not implicate the terms of an ERISA plan. ...... 4

    B.    7 to 7's claims for Aetna's violations of the Texas Insurance Code (Counts 3 and 4) are not preempted because they create a legal duty independent of any ERISA plans. ....................................................... 6

    C.    ERISA does not preempt the Complaint's remaining state law tort claims (Counts 5, 6, 8, 9, and 10) because circuit precedent squarely rejects the argument that pre-service statements are dependent on and derived from the terms of ERISA plans. ...................... 7

III.    7 to 7's Complaint Sufficiently Demonstrates Standing And Pleads Each Element Of Its State Law Claims To Defeat Aetna's Motion To Dismiss............. 8

    A.    The Complaint alleges sufficient facts to state a claim for breach of implied contract (Count 2) under Texas law............................................... 8

    B.    The Complaint states a claim for violations of Sections 542 (Count 3) and 541 (Count 4) of the Texas Insurance Code. ................................ 10

    C.    The Complaint contains sufficient factual allegations of fraud (Count 5) to meet the heightened pleading requirement of Rule 9(b). ......................................................................................................... 13

    D.    The Complaint properly pleads a negligent misrepresentation claim (Count 6). ......................................................................................... 15

    E.    The Complaint pleads sufficient allegations and representative plan provisions to state a claim for breach of express contract (Count 7)........ 16

F.    7 to 7's claim for money had and received (Count 8) is appropriately pleaded as an alternative to its breach of contract claim and applies to the parties' relationship here....................................... 17

G.    7 to 7 adequately pleads a claim for theft of services (Count 9) under Sections 31.04(a)(2) and 31.04(a)(4) of the Texas Penal Code. ................................................................................................ 18

H.    The Complaint adequately alleges each element of a claim for promissory estoppel (Count 10)................................................................ 18

PRAYER........................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

*Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*,
  662 F.3d 376, 382 (5th Cir. 2011) ..................................................... 4, 6, 7

*ACS Primary Care Physicians Sw., P.A. v. Unitedhealthcare Ins. Co.*,
  479 F. Supp. 3d 366, 373-74 (S.D. Tex. 2020)..................................... 5, 6

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009)...................................................................... 2

*Conley v. Gibson*,
  355 U.S. 41, 45-46 (1957) ..................................................................... 2

*Crown Life Ins. Co. v. Casteel*,
  22 S.W.2d 378 (Tex. 2000).................................................................... 11

*Dorsey v. Portfolio Equities, Inc*,
  540 F.3d 333, 339 (5th Cir. 2008) ....................................................... 15

*El Paso Healthcare Sys. v. Molina Healthcare of N.M., Inc*.,
  683 F. Supp. 2d 454, 462 (W.D. Tex. 2010)......................................... 10

*Electrostim Medical Services, Inc. v. Health Care Service Corp.*,
  614 F. App'x. 731, 744 (5th Cir. 2015) ................................................ 8, 9

*Encompass Office Sols., Inc. v. Conn. Gen. Life Ins.*,
  Civil Action No. 3:11-cv-02487-L, 2012 WL 3030376, 2012 U.S.
  Dist. LEXIS 103479, at *25 (N.D. Tex. 2012) ................................... 10, 17

*Encompass Office Sols., Inc. v. Ingenix, Inc.*,
  775 F.Supp.2d 938, 947 (E.D. Tex. 2011) ........................................... 11, 19

*Gilmour v. Aetna Health, Inc.*,
  No. SA-17-CV-00510-FB, 2018 U.S. Dist. LEXIS 99537, at *40
  (W.D. Tex. 2018) .................................................................................. 8, 14, 16

*Gilmour v. Blue Cross & Blue Shield of Ala.*,
  No. 4:19-CV-160, 2020 WL 2813197, 2020 U.S. Dist. LEXIS 93771,
  at *24 (E.D. Tex. 2020) ........................................................................ 11

*Infectious Disease Doctors, P.A. v. Bluecross Blueshield of Tex.*,
  Civil Action No. 3:13-CV-02920-L, 2014 WL 4854695, 2014 U.S.
  Dist. LEXIS 137561, at *9 (N.D. Tex. 2014) ...................................... 11

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc*.,
  892 F.3d 719, 729 (5th Cir. 2018) ....................................................... 3, 9, 16

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*.,
   677 F.2d 1045, 1050 (5th Cir. 1982) .................................................................. 2

*Kennedy Krieger Inst., Inc. v. Brundage Mgmt. Co.*,
   No. 5:15-CV-162-DAE, 2015 WL 4528885, 2015 U.S. Dist. LEXIS
   97202, at *31 (W.D. Tex. 2015) ....................................................................... 6

*Kindred Hosps. Ltd. P'ship v. Aetna Life Ins. Co*.,
   Civil Action No. 3:16-CV-3379-D, 2017 WL 2505001, 2017 U.S.
   Dist. LEXIS 89285, at *18 (N.D. Tex. June 9, 2017)...................................... 6

*Lone Star OB/GYN Assocs. v. Aetna Health, Inc*.,
   579 F.3d 525, 530 (5th Cir. 2009) .................................................................... 5

*Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex.*, *Inc*.,
   16 F. Supp. 3d 767, 782 (S.D. Tex. 2014*)* ..................................................... 14

*Mid-Town Surgical Ctr., LLP v. Blue Cross Blue Shield of Tex., Inc*.,
   No. H-11-2086, 2012 WL 1252512, 2012 U.S. Dist. LEXIS 51073, at
   *6 (S.D. Tex. 2012).................................................................................. 14, 16

*Miller v. Stanmore*,
   636 F.2d 986, 988 (5th Cir. 1981) .................................................................... 2

*Mortuary Fin. Servs. v. Aetna Life Ins. Co.*,
   No. 4:14-CV-256-Y, 2014 WL 12920977, 2014 U.S. Dist. LEXIS
   200750, at *6 (N.D. Tex. 2014) ....................................................................... 7

*Pogo Res., LLC v. St. Paul Fire & Marine Ins. Co*.,
   Civil Action No. 3:19-CV-2682-BH, 2022 WL 209276, 2022 U.S.
   Dist. LEXIS 12016, at *44 (N.D. Tex. 2022) ................................................ 10

*PPG Indus., Inc. v. JMB/Houst. Ctrs. Partners Ltd. P 'ship*,
   146 S.W.3d 79 (Tex. 2004)............................................................................. 11

*Rapid Tox Screen LLC v. Cigna Healthcare of Tex. Inc.*,
   No. 3:15-CV-3632-B, 2017 WL 3658841, 2017 U.S. Dist. LEXIS
   136218, at *23 (N.D. Tex. 2017*)* ............................................... 9, 16, 17, 18, 19

*Richards v. Allstate Indem. Co*.,
   Civil Action No. DR-16-CV-0177-AM-VRG, 2017 U.S. Dist. LEXIS
   144188, at *25-26 (W.D. Tex. 2017)............................................................. 10

*Spring E.R., LLC v. Aetna Life Ins. Co.*,
   No. 09-2001, 2010 WL 598748, at *5 (S.D. Tex. Feb. 17, 2020) ................ 5

*Team Healthcare/Diagnostic Corp. v. Blue Cross & Blue Shield of Tex*.,
   Civil Action No. 3:10-CV-1441-BH Consent, 2012 WL 1617087,
   2012 U.S. Dist. LEXIS 63760, at *19 (N.D. Tex. 2012)....................... 10, 17, 18

*Tex. Oral & Facial Surgery v. United Healthcare Dental, Inc.*,
   No. 4:18-CV-0944, 2018 WL 3105114, 2018 U.S. Dist. LEXIS
   105885, at *13-20 (S.D. Tex. 2018) ................................................................ 5, 8

*Total Rx Care, LLC v. Great N. Ins. Co.*,
   No. 3:16-cv-2965-B, 2017 WL 3034083, 2017 U.S. Dist. LEXIS
   110882, at *8 (N.D. Tex. July 17, 2017) ............................................................ 17

**Statutes**

29 U.S.C. § 1132(a)(1)(B) ...................................................................................... 2, 3

29 U.S.C. § 1144(a) ..................................................................................................... 4

Tex. Ins. Code § 541 ...................................................................................... 7, 11, 12

Tex. Ins. Code § 542 ...................................................................................... 10, 12

**Other Authorities**

Fed. R. Civ. P. 8(d)(3) ............................................................................................. 17

Fed. R. Civ. P. 9(b) .............................................................................................. 13, 15

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Come now Plaintiffs SC Shine PLLC d/b/a 7 to 7 Dental ("Shine") and Potranco 7 to 7 PLLC ("Potranco") (collectively, "7 to 7") filing this Response in Opposition to the Motion to Dismiss ("Motion") filed by Aetna Life Insurance Company ("ALIC") and Aetna Dental, Inc. ("Aetna Dental") (collectively, "Aetna"), in support of which 7 to 7 would respectfully show the Court as follows:

## **INTRODUCTION**

Aetna's Motion to Dismiss pursuant to Rule 12(b)(6) should be denied in its entirety because Aetna fails to meet its burden to prove that 7 to 7's claim for benefits under ERISA (Count 1) is insufficiently pleaded or that 7 to 7's state law claims (Counts 2-10) are preempted by ERISA. Aetna also argues unpersuasively that 7 to 7's state law claims fail as a matter of law. On the contrary, 7 to 7's First Amended Complaint ("Complaint") sufficiently pleads every element of its state law claims and alleges sufficient facts to show why 7 to 7 has standing to bring such claims. For the reasons set forth herein, this Court should deny Aetna's Motion in its entirety or allow 7 to 7 to amend its Complaint to plead additional facts in support of its claims.

## **PROCEDURAL BACKGROUND**

On June 28, 2022, Plaintiff Shine filed this case in the 57th Judicial District Court of Bexar County, Texas. On July 5, 2022, Shine completed service of process on Defendant Aetna Dental. Aetna Dental's deadline to file its Answer in that court was August 1, 2022. On that date, Aetna Dental filed a Notice of Removal to this Court.

On August 2, 2022, Aetna Dental emailed Shine's counsel a notice pursuant to this Court's Standing Order in Civil Cases that it intended to file a Motion to Dismiss this case pursuant to Rule 12(b)(6), FED. R. CIV. P. Under the Standing Order, this notice imposed on Shine the duty to file an Advisory within seven days, or by August 9, 2022, and Shine's Amended Complaint within

the following seven days, or by August 16, 2022. Shine filed its Advisory timely, and Plaintiffs Shine and Potranco filed their First Amended Complaint timely thereafter. Defendants ALIC and Aetna Dental filed their Motion to Dismiss Plaintiffs' First Amended Complaint on August 30, 2022.

## STANDARD OF REVIEW

"[A] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citation omitted). A court must accept as true all well pleaded facts and the complaint is to be liberally construed in favor of the plaintiffs. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. A complaint does not need to contain detailed factual allegations but need only show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## ARGUMENT

**I.      7 to 7 Pleads Sufficient Representative Plan Provisions Violated By Aetna To Survive Dismissal On Its Claim For ERISA Benefits (Count 1).**

In Count One, 7 to 7 brings a claim for ERISA benefits under 29 U.S.C. § 1132(a)(1)(B). Pls.' First Am. Compl. (hereinafter, "Compl.") p. 16. Aetna argues that Count One should be dismissed because 7 to 7 fails to assert every one of the specific plan terms that was violated for

2

each of the 5,540 underpaid dental insurance claims in dispute. Defs.' Mot. to Dismiss (hereinafter, "Mot.") at 4. Aetna attempts to impose a higher pleading burden on 7 to 7 than is required under circuit precedent. *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc*., 892 F.3d 719, 729 (5th Cir. 2018). In *Innova*, the Fifth Circuit held that "plaintiffs alleging claims under 29 U.S.C. § 1132(a)(1)(B) for plan benefits need not necessarily identify the specific language of every plan provision at issue to survive a motion to dismiss under Rule 12(b)(6). *Id.* ("Our holding underscores the principle that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in [its] complaint.")

The Fifth Circuit also identified certain allegations that, when accepted as true and viewed in the light most favorable to Plaintiffs, are sufficient to state a claim for ERISA benefits. *Id.* 7 to 7's Complaint is replete with examples of every one of the allegations the Fifth Circuit found sufficient to state a claim under 29 U.S.C. § 1132(a)(1)(B). For example, 7 to 7 alleges that: (1) it provided dental services to patients insured by Aetna (*e.g.*, Compl. ¶¶ 1, 11, 48, 54, 76, 81, 89, 94, 104); (2) it is an out-of-network provider for the purposes of the claims here (*e.g.*, Compl. ¶¶ 1, 48); (3) it verified coverage with Aetna before providing services to its insureds (*e.g.*, Compl. ¶¶ 15, 25, 72-74, 76, 103); (4) it received a valid assignment of benefits (*e.g.*, Compl. ¶¶ 14, 17, 24, 30, 47, 67, 94); (5) it timely submitted its claims to Aetna for payment (*e.g.*, Compl. ¶¶ 29, 32, 33, 54, 105); (6) Aetna uniformly failed to pay the claims according to the terms of the ERISA plans (*e.g.*, Compl. ¶¶ 2, 11, 16, 17, 26, 28, 29, 32, 38, 41, 44, 48, 49, 53, 54, 64, 75, 76, 84); (7) many of the same coverage and payment provisions are used across different plans (*e.g.*, Compl. ¶ 75); (8) Aetna must pay out-of-network providers some version of the "reasonable and customary" amount or the "usual, customary, and reasonable" amount (*e.g.*, Compl. ¶¶ 15, 41, 48, 53, 75, 76);

(9) representative plan terms require reimbursement of out-of-network providers at 80% of "usual and customary" expenses after the deductible (*e.g.*, Compl. ¶ 75); and (10) Aetna reimbursed 7 to 7 at a rate lower than the required rate (*e.g.*, Compl. ¶¶ 2, 11, 16, 17, 26, 28, 29, 32, 38, 41, 44, 48, 49, 53, 54, 64, 75, 76, 84). Accordingly, 7 to 7's Complaint pleads more than enough factual detail to survive dismissal, and Aetna's Motion should be denied on this ground.

## II. Aetna Fails To Meet Its Burden To Show That ERISA Preempts 7 to 7's State Law Claims (Counts 2-10).

Aetna argues that 7 to 7's state law claims (Counts 2-10) are all preempted by ERISA because they "relate to" ERISA plans. Mot. at 6. The Fifth Circuit has already rejected this interpretation of 29 U.S.C. § 1144(a) and declined to apply an uncritical literalism to the phrase "relate to." *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co*., 662 F.3d 376, 382 (5th Cir. 2011), *aff'd on reh'g en banc*, 698 F.3d 299 (5th Cir. 2012) (rejecting the argument that "any lawsuit in which reference to a benefit plan is necessary to compute plaintiff's damages is preempted by ERISA" because otherwise, "given its broadest reading, the phrase 'relate to' would encompass virtually all state law [claims].") (internal quotations omitted).

ERISA preemption is an affirmative defense which must be proven by Aetna. *Id.* at 378. To meet its burden, Aetna must prove that "(1) the state law claims address an area of exclusive federal concern, such as the right to receive benefits under the terms of an EISA plan; and (2) the claims directly affect the relationships among traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.* (internal citation omitted). Aetna's Motion fails to mention either element of its burden, let alone prove them.

### A.   7 to 7's claim for breach of implied contract (Count 2) is not preempted because it does not implicate the terms of an ERISA plan.

Aetna argues that the Complaint's breach of implied contract claim is preempted because 7 to 7 will be required to show the extent of coverage under the terms of each insured's plan. Mot.

at 7 (citing in support *Spring E.R., LLC v. Aetna Life Ins. Co.*, No. 09-2001, 2010 WL 598748, at *5 (S.D. Tex. Feb. 17, 2020)). This argument is a nonstarter—Aetna never contended that the services provided were not covered services payable under a plan. *See*, *e.g.*, Compl. ¶¶ 5, 28, 35, 37. Rather, Aetna underpaid the claims because 7 to 7 refused to comply with Aetna's absurd, burdensome, and unauthorized demands for excess information—including the requirement that the information provided be handwritten and filled out manually as a condition precedent to Aetna's processing payment. *See*, *e.g.*, Compl. ¶¶ 2-5, 16, 26, 28, 35, 53, 54. Aetna has never disputed that the routine services it provided are payable under the plans, and this is evidenced by the facts that (a) Aetna fully paid 7 to 7's claims for identical services under the same plans for years prior to its x-ray investigation in 2018, and (b) beginning in 2022, Aetna continued underpaying claims from 7 to 7's Potranco office while fully paying identical claims under the same plans originating from 7 to 7's other offices. *See*, *e.g.*, Compl. ¶¶ 15, 16, 26-29, 35-37.  As a result, only the *rate* of payment is implicated here, not 7 to 7's *right* to payment.

The Fifth Circuit and numerous federal district courts in Texas have held that breach of implied contract claims are not preempted when they implicate the *rate* of payment. *See, e.g.*, *Lone Star OB/GYN Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 530 (5th Cir. 2009); *see also ACS Primary Care Physicians Sw., P.A. v. Unitedhealthcare Ins. Co.*, 479 F. Supp. 3d 366, 373-74 (S.D. Tex. 2020) (holding that "*Lone Star* requires a finding that their [implied] contract claims are not preempted" because the rule in the Fifth Circuit is that "in cases of both implied-in-fact contracts and express contracts, there is no need to interpret an ERISA plan because the rate to be paid is external from the ERISA plan"); *Tex. Oral & Facial Surgery v. United Healthcare Dental, Inc.*, No. 4:18-CV-0944, 2018 WL 3105114, 2018 U.S. Dist. LEXIS 105885, at *13-20 (S.D. Tex. 2018) (finding "*Spring* does not compel a different conclusion" where a breach of implied contract

claim "is not inherently based on the terms of an ERISA-governed benefits plan"); *Kindred Hosps. Ltd. P'ship v. Aetna Life Ins. Co.*, Civil Action No. 3:16-CV-3379-D, 2017 WL 2505001, 2017 U.S. Dist. LEXIS 89285, at *18 (N.D. Tex. June 9, 2017) (holding breach of implied contract claims are not preempted when "they dispute the *rate of* payment under the agreement rather than the *right to* payment[.]" (emphasis in original)). ERISA does not, therefore, preempt 7 to 7's breach of implied contract claim, and Aetna's Motion should be denied on this ground.

   **B.      7 to 7's claims for Aetna's violations of the Texas Insurance Code (Counts 3
            and 4) are not preempted because they create a legal duty independent of any
            ERISA plans.**

   Aetna's argument that ERISA preempts 7 to 7's claims brought under the Texas Insurance Code is similarly infirm under circuit precedent. Aetna argues that the Complaint's Texas Insurance Code violations arising from Aetna's alleged mishandling of claims and misrepresentations during verification calls are preempted by ERISA. Mot. at 7-8. The Fifth Circuit has already held, however, that claims under the Texas Insurance Code are not preempted where they are based on alleged misrepresentations regarding the extent of coverage and rate of payment. *Access Mediquip*, 662 F.3d at 383-85 (holding that Texas Insurance Code claims "were not preempted, because they were not premised on [plaintiff's] right to recover benefits under the plan's terms, but rather on the defendants' misleading representations regarding the extent that the plan would reimburse [provider] for its services"); *see also Kennedy Krieger Inst., Inc. v. Brundage Mgmt. Co.*, No. 5:15-CV-162-DAE, 2015 WL 4528885, 2015 U.S. Dist. LEXIS 97202, at *31 (W.D. Tex. 2015) ("In *Access*, the Fifth Circuit held that claims brought under the Texas Insurance Code were not preempted where the statutory claims were based on alleged misrepresentations made by ERISA plan fiduciaries to a third-party provider." (citation omitted)); *ACS Primary Care*, 479 F. Supp. 3d at 375-76 (holding that claims brought under various Texas Insurance Code provisions were not preempted by ERISA); *Mortuary Fin. Servs. v. Aetna Life Ins.*

*Co.*, No. 4:14-CV-256-Y, 2014 WL 12920977, 2014 U.S. Dist. LEXIS 200750, at *6 (N.D. Tex. 2014) (holding claim brought under Tex. Ins. Code § 541.061 not preempted by ERISA). As alleged in the Complaint, Aetna's misrepresentations regarded the extent of coverage and rate of payment. Compl. ¶ 75-76 (detailing the extent of coverage and rate of payment represented by Aetna during verification calls). Circuit precedent holds that Texas Insurance Code claims based on such misrepresentations are not preempted by ERISA, and Aetna's Motion should be denied on this ground. *See Access Mediquip*, 662 F.3d at 387.

> **C.**     **ERISA does not preempt the Complaint's remaining state law tort claims (Counts 5, 6, 8, 9, and 10) because circuit precedent squarely rejects the argument that pre-service statements are dependent on and derived from the terms of ERISA plans.**

In its final argument on ERISA preemption, Aetna argues in a single paragraph that every one of 7 to 7's state law tort claims[1] are preempted. Mot. at 8. Aetna argues these claims are preempted because they "center upon the allegation that Aetna made certain misrepresentations during pre-service verification of benefits calls" and are "dependent upon and derived from ERISA plans." *Id.* This argument, like Aetna's previous preemption arguments, fails as a matter of law because the Fifth Circuit addressed this exact question in *Access Mediquip*. 662 F.3d at 383 ("The dispositive issue in this appeal is therefore whether Access's state law claims are dependent on, and derived from the rights of [the insureds] to recover benefits under the terms of their ERISA plans."). *Access Mediquip* ultimately held that the plaintiff's claims for negligent misrepresentation, promissory estoppel, and violations of the Texas Insurance Code were not ERISA preempted because those claims were not dependent upon or derived from the terms of ERISA plans. *Id.* at 385, 387 ("The state law underlying Access's misrepresentation claims does

---

[1] Count 5 – common law fraud, statutory fraud, and fraudulent inducement; Count 6 – negligent misrepresentation; Count 8 – money had and received; Count 9 – theft of services; Count 10 – promissory estoppel.

7

not purport to regulate what benefits United provides to the beneficiaries of its ERISA plans, but rather what representations it makes to third parties about the extent to which it will pay for their services."); *see also Tex. Oral*, 2018 WL 3105114, 2018 U.S. Dist. LEXIS 105885, at *11 ("Indeed, the Circuit has ruled that a misrepresentation claim regarding the extent of coverage under an ERISA plan does not necessarily depend on, nor is necessarily derived from, rights to recover benefits under the terms of ERISA-governed plans."); *Gilmour v. Aetna Health, Inc.*, No. SA-17-CV-00510-FB, 2018 U.S. Dist. LEXIS 99537, at *40 (W.D. Tex. 2018) ("The Fifth Circuit has held that similar [promissory estoppel and negligent misrepresentation] claims are not preempted by ERSIA, as these claims—though concerning statements about the extent of coverage available under an ERISA plan—do not require consultation of a given plan's terms and instead focus on the representations made by an insurer about the extent to which it would pay for services."). Aetna's Motion should be denied on this ground.

III.   **7 to 7's Complaint Sufficiently Demonstrates Standing And Pleads Each Element Of Its State Law Claims To Defeat Aetna's Motion To Dismiss.**

A.   **The Complaint alleges sufficient facts to state a claim for breach of implied contract (Count 2) under Texas law.**

Aetna begins by arguing that the Complaint's breach of implied contract claim should be dismissed because it does not sufficiently allege an offer, acceptance, or meeting of the minds. Mot. at 9. On the contrary, 7 to 7's 34-page Complaint is replete with facts demonstrating a course of dealing with repeated offers, acceptances, and meetings of the minds. *See, e.g.*, Compl. ¶¶ 15, 16, 31, 53. Aetna cites to *Electrostim Medical Services, Inc. v. Health Care Service Corp.*, 614 F. App'x. 731, 744 (5th Cir. 2015) in support of its argument, but the *Electrostim* court found that the plaintiff had "provided no facts to support its vague allegation that after termination of the provider agreement, the parties entered into an implied contract." *Id.* at 744. Here, 7 to 7's Complaint contains more than enough factual detail alleging acts and conduct over many years in

which Aetna accepted 7 to 7's offers to provide services to its insureds in return for payment of its claims submitted, the parties had a meeting of the minds regarding what services would be performed and paid for, what the rate of payment would be for those services, and within what timeframe claims needed to be submitted and payment remitted. *See, e.g.*, Compl. ¶¶ 15, 16, 31, 53. This amount of factual detail is sufficient to defeat a motion to dismiss, even under *Electrostim*'s standard. *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 732 (5th Cir. 2018) (reversing lower court's dismissal of plaintiff's breach of contract claim after applying *Electrostim* standard); *see also Rapid Tox Screen LLC v. Cigna Healthcare of Tex. Inc.,* No. 3:15-CV-3632-B, 2017 WL 3658841, 2017 U.S. Dist. LEXIS 136218, at *23 (N.D. Tex. 2017*)* (citing *Electrostim* in rejecting defendants' motion to dismiss plaintiff's breach of contract claim).

Aetna next argues that 7 to 7 cannot possibly plead a breach of implied contract claim because the Complaint alleges that Aetna violated the parties' implied agreement—and even expressed its intention to do so. *See* Mot. at 10. Aetna's argument proves too much. After all, it is the years-long course of dealing prior to 2019 in which 7 to 7 provided services to Aetna's insureds and Aetna in turn remitted payment in full directly to 7 to 7 that forms the basis of the implied contract which Aetna later breached by refusing to process payment until 7 to 7 complied with its unreasonable and unauthorized demands for handwritten, unnecessary information. *See* Compl. ¶¶ 15, 16, 28-33, 53.

Finally, Aetna argues that the Complaint fails to allege the existence of consideration. Mot. at 10. Aetna is mistaken, however, because Aetna did, in fact, receive consideration in the form of the benefit of having its obligations to its insureds discharged when 7 to 7 provided dental services to Aetna's members instead of turning the members away because 7 to 7 was not a participant in

Aetna's provider network. *See*, *e.g.*, Compl. ¶¶ 15, 16, 31, 53. Numerous courts in Texas have held that these allegations are sufficient to confer a benefit (and hence, consideration) upon the insurer. *E.g.*, *Team Healthcare/Diagnostic Corp. v. Blue Cross & Blue Shield of Tex.*, Civil Action No. 3:10-CV-1441-BH Consent, 2012 WL 1617087, 2012 U.S. Dist. LEXIS 63760, at *19 (N.D. Tex. 2012) (collecting cases); *Encompass Office Sols., Inc. v. Conn. Gen. Life Ins.*, Civil Action No. 3:11-cv-02487-L, 2012 WL 3030376, 2012 U.S. Dist. LEXIS 103479, at *25 (N.D. Tex. 2012) (in the context of ERISA governed plans, rejecting argument that an insurer does not receive a benefit when healthcare services are provided to its insured); *El Paso Healthcare Sys. v. Molina Healthcare of N.M., Inc*., 683 F. Supp. 2d 454, 462 (W.D. Tex. 2010) ("In sum, these discharges were furnished for the benefit of Molina, which enjoyed them and accepted them, and Molina even acknowledged as much when it tendered payment for them at a rate it deemed to be proper."). As discussed above, the Complaint alleges sufficient facts state a claim for breach of implied contract under Texas law. Aetna's Motion should be denied on this ground.

### B. The Complaint states a claim for violations of Sections 542 (Count 3) and 541 (Count 4) of the Texas Insurance Code.

#### 1. *7 to 7 possesses standing to bring its Insurance Code claims.*

Aetna first argues that 7 to 7 lacks standing to brings its claims under the Texas Insurance Code. Mot. at 11. Aetna's argument fails as a matter of law, however, because a large body of federal courts in Texas has held that healthcare providers possess direct standing, independent of any assignment of benefits, to bring claims against insurers for violations of the Insurance Code. *E.g.*, *Pogo Res., LLC v. St. Paul Fire & Marine Ins. Co*., Civil Action No. 3:19-CV-2682-BH, 2022 WL 209276, 2022 U.S. Dist. LEXIS 12016, at *44 (N.D. Tex. 2022) (collecting cases); *see Richards v. Allstate Indem. Co*., Civil Action No. DR-16-CV-0177-AM-VRG, 2017 U.S. Dist. LEXIS 144188, at *25-26 (W.D. Tex. 2017) (finding that a claim brought under § 542.003 may

be asserted against an insurer); *see also Gilmour v. Blue Cross & Blue Shield of Ala.*, No. 4:19-CV-160, 2020 WL 2813197, 2020 U.S. Dist. LEXIS 93771, at *24 (E.D. Tex. 2020), *order vacated in part on other grounds*, 2021 WL 1196272, 2021 U.S. Dist. LEXIS 60259 (citing *Crown Life Ins. Co. v. Casteel*, 22 S.W.2d 378 (Tex. 2000) in support, and finding that "[t]his determination is consistent with the large body of federal courts that have allowed healthcare providers to pursue a claim for violation of the Texas Insurance Code").

In addition to direct standing, the Complaint alleges the existence of valid assignments, which allows 7 to 7 to gain an additional basis for standing by stepping into the shoes of Aetna's members. *See* Compl. ¶¶ 14, 24, 30, 90, 94. As an assignee, 7 to 7 has additional standing to bring claims against Aetna under the Insurance Code. *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 947 (E.D. Tex. 2011) (denying motion to dismiss §541 claim and drawing a sharp distinction between DTPA claims, which are not assignable under Texas law, and Texas Insurance Code claims, which are assignable); *Infectious Disease Doctors, P.A. v. Bluecross Blueshield of Tex.*, Civil Action No. 3:13-CV-02920-L, 2014 WL 4854695, 2014 U.S. Dist. LEXIS 137561, at *9 (N.D. Tex. 2014) (denying motion to dismiss healthcare providers Insurance Code claim).

DTPA claims cannot be assigned because they are personal and punitive in nature and their assignment would defeat the consumer-protection purposes for which the DTPA was enacted. *PPG Indus., Inc. v. JMB/Houst. Ctrs. Partners Ltd. P 'ship*, 146 S.W.3d 79 (Tex. 2004). In contrast, neither of these policy concerns is present in the context of a healthcare provider asserting an Insurance Code claim against an insurer; rather, allowing assignment of Insurance Code claims advances Section 541's goal of ensuring fair insurance practices. *Ingenix*, 775 F.Supp.2d at 947. An assignment of the right to payment is sufficient to create standing because such assignment

necessarily incorporates the right to seek payment. *Id*. at 949. The right to receive benefits is hollow without such enforcement capabilities. *Id.*

**2.    *The Complaint alleges sufficient facts to state a claim under Sections 542 (Count 3) and 541 (Count 4) of the Texas Insurance Code.***

Aetna summarily argues that 7 to 7 has failed to plead its claim under Chapter 542 (Count 3) with the required specificity. Mot. at 12. What Aetna ignores, however, is the plethora of detailed factual allegations in the Complaint, incorporated by reference into its Chapter 542 claim, demonstrating how Aetna violated the stated provisions of Chapter 542. *See, e.g.*, Compl. ¶¶ 2-5, 15-16, 26-29, 31-36. For example, the Complaint alleges facts detailing how Aetna failed to investigate, or conducted a sham investigation into, 7 to 7's alleged use of recycled x-rays—an allegation both parties determined to be false. Compl. ¶¶ 2-5, 26. Aetna has nevertheless refused to process payment on these claims, and to this day still maintains a fraud flag and payment hold on claims containing any x-ray services submitted by 7 to 7's Potranco office. Compl. ¶¶ 2, 5, 26, 36, 53. These detailed factual allegations are more than sufficient to meet 7 to 7's pleading burden.

Aetna similarly argues that the Complaint lacks sufficient allegations to plead a claim under Chapter 541 (Count 4) of the Texas Insurance Code. This argument fails for the same reasons as discussed above. The Complaint alleges detailed facts explaining how Aetna conducted a sham investigation into an easily disproven (and, in fact, long since disproven) complaint regarding recycled x-rays, then used that sham investigation as an excuse to require burdensome handwritten information for each claim and to refuse to process payment indefinitely, even after Aetna's liability had become reasonably clear and where Aetna would fully pay for the same services when they were not included with x-ray services. *See, e.g.*, Compl. ¶¶ 2-5, 15-16, 26-29, 31-36. The Complaint easily meets 7 to 7's pleading burden for its Insurance Code claims, and Aetna Motion should be denied on this ground.

**C.    The Complaint contains sufficient factual allegations of fraud (Count 5) to meet the heightened pleading requirement of Rule 9(b).**

In an effort to dismiss the Complaint's fraud claim, Aetna begins by making the conclusory statement that 7 to 7 fails to allege any details as to the "who, what, when, where, and how." Mot. at 14. In fact, the Complaint alleges exactly those details. *E.g.*, Compl. ¶¶ 74-76. In paragraph 75 of its Complaint, 7 to 7 alleges how Aetna made fraudulent misrepresentations regarding the extent of coverage and rate of payment as to certain representative claims. In fact, 7 to 7 alleged with particularity: who made the misrepresentations ("Aetna representative Elyse, call reference number 6066937429"); what the misrepresentations were ("Elyse told 7 to 7 the relevant plan terms;" "told 7 to 7 that the patient's plan covers 100% of the cost;" "Elyse also told 7 to 7 that for this plan, Aetna pays benefits at 'UCR'"); when the misrepresentations were made ("called Aetna on January 23, 2022"); where the misrepresentations were made ("during a phone call with an Aetna representative"); and how the representations were fraudulent ("Aetna failed to pay according to the plan terms it represented to 7 to 7;" "Aetna did not intend to perform in accordance with its representations when it made them;" "Aetna already knew that it intended to divert 7 to 7's claims containing x-ray services … to its SIU and to deny or underpay those claim"). Compl. ¶ 75, 76. These particularly pleaded factual allegations, along with the other detailed allegations contained in the Complaint, are sufficient to meet the Rule 9(b) pleading standard.

Aetna next argues that the Complaint fails to plead reasonable reliance on the fraudulent misrepresentations. Mot. at 15. The main thrust of Aetna's argument is that 7 to 7 cannot allege it relied on the misrepresentations made by Aetna during the verification calls because verification is not a guarantee of payment and because Aetna had been withholding payment of x-ray claims for three years. Mot. at 15-16. This argument is unavailing, however, for at least two reasons. First, reasonable reliance can be demonstrated through allegations that a healthcare provider relied on

misrepresentations made during verification calls. *Gilmour v. Aetna Health, Inc.*, No. SA-17-CV-00510-FB, 2018 U.S. Dist. LEXIS 99537, at *51 (W.D. Tex. 2018) (denying motion to dismiss where complaint based reliance on insurer's false statements confirming coverage); *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex.*, Inc., 16 F. Supp. 3d 767, 782 (S.D. Tex. 2014*)* (denying motion to dismiss where healthcare provider alleged reliance on false verification from insurer as to preauthorization and coverage); *Mid-Town Surgical Ctr., LLP v. Blue Cross Blue Shield of Tex., Inc*., No. H-11-2086, 2012 WL 1252512, 2012 U.S. Dist. LEXIS 51073, at *6 (S.D. Tex. 2012) (denying motion to dismiss where reliance was based upon insurer's verbal statements regarding payment and extent of coverage).

Second, Aetna's argument fails because 7 to 7's reliance was not based solely on the information provided during the verification calls. Rather, 7 to 7 alleges a pattern of conduct where for years prior to the fraudulent x-ray complaint and Aetna's sham investigation (*i.e.*, for years prior to 2019), the same types of claims governed by the same or similar plan terms were processed and paid without incident. *See* Compl. ¶¶ 15, 16, 25, 26, 53, 54, 74, 75. In addition, claims submitted to Aetna by various other 7 to 7 offices were being paid without issue while at the same time identical claims governed by the same or similar plan terms were being flagged and investigated, with payment processing being delayed indefinitely, when submitted to Aetna by 7 to 7's Potranco office. *Id.* These allegations demonstrate how it was reasonable for 7 to 7 to rely on Aetna's misrepresentations because surrounding Aetna's pattern of delay and nonpayment on the Potranco office's x-ray claims was a pattern of timely payment without incident for identical claims governed by identical plan terms when submitted by 7 to 7's other offices. *See Gilmour v. Aetna*, 2018 U.S. Dist. LEXIS 99537, at *3-4, 51 (finding reasonable reliance and denying motion

to dismiss where Aetna began placing unjustified fraud flags on out-of-network provider's claims and began delaying payment processing).

Finally, Aetna argues that the Complaint fails to plead sufficient knowledge of falsity. Mot. at 16. In pleading a claim for fraud, intent and knowledge may be alleged generally. FED. R. CIV. P. 9(b). Alleged facts are sufficient to support intent or knowledge if they show either a motive to commit fraud or identify circumstances that indicate conscious behavior on the part of the defendant. *Dorsey v. Portfolio Equities, Inc*, 540 F.3d 333, 339 (5th Cir. 2008) (denying motion to dismiss where complaint alleged circumstances indicated conscious behavior by defendant). Here, the Complaint alleges that Aetna directed 7 to 7's claims containing x-ray services be flagged and diverted to its Special Investigations Unit (SIU) where they would be held indefinitely instead of being timely processed and paid. Compl. ¶¶ 32, 36, 76. Aetna was clearly aware of this process because Aetna told 7 to 7 about it after 7 to 7 inquired into why certain claims were not being paid. Compl. ¶ 26. As a result, it is only logical, and far from conclusory, that Aetna knew its statements regarding extent of coverage and rate of payment were false when it made them and that when it made such representations, it did not intend to perform in accordance therewith. Compl. ¶¶ 35, 75, 76. These allegations are sufficient to show intent and knowledge under Rule 9(b). *See Dorsey v. Portfolio Equities, Inc*, 540 F.3d 333, 339 (5th Cir. 2008). Aetna's Motion should be denied on this ground.

### D.    The Complaint properly pleads a negligent misrepresentation claim (Count 6).

Aetna argues that 7 to 7's negligent misrepresentation claim should be dismissed because it is based on representations of future conduct and because it does not establish an independent injury. Mot. at 17. Aetna is wrong on both counts. First, the negligent misrepresentation claim is not based on future conduct, but rather existing facts regarding coverage and payment rates. *See* Compl. ¶¶ 75, 79. For example, the Complaint alleges that "Aetna supplied false information …

as to what services the plans covered and at what rates the plans paid for those covered services." Compl. ¶ 79. These are statements of existing fact. *Mid-Town Surgical Ctr., LLP v. Blue Cross*, 2012 WL 1252512, 2012 U.S. Dist. LEXIS 51073, at *5 ("Here, defendant made statements regarding a patient's current status—covered or not covered. These are statements of existing fact, therefore defendant's argument fails."); *see Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex.*, 16 F. Supp. 3d at 782-83 (holding plaintiff adequately stated negligent misrepresentation claim based on false statements of coverage and payment); *see also Gilmour v. Aetna Health*, 2018 U.S. Dist. LEXIS 99537, at *51 (same).

Second, 7 to 7 may assert a breach of contract claim and a negligent misrepresentation claim in the alternative. *See Gilmour v. Aetna Health*, 2018 U.S. Dist. LEXIS 99537, at *26, 51 (denying dismissal of plaintiff's breach of contract and negligent misrepresentation claims based on alleged underpayments). Accordingly, and because 7 to 7 has met its pleading burden on this claim for the same reasons as discussed in its fraud claim above, 7 to 7 has adequately stated a claim for negligent misrepresentation. Aetna's Motion should be denied on this ground.

### E.    The Complaint pleads sufficient allegations and representative plan provisions to state a claim for breach of express contract (Count 7).

Aetna again argues that 7 to 7's claim should be dismissed because the Complaint fails to recite the language of specific provisions in the plans. Mot. at 18. Aetna's argument fails for the same reasons as discussed in Section I, *supra*, regarding the sufficiency of 7 to 7's claim for ERISA benefits. *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 (5th Cir. 2018) (holding that allegations of representative plan provisions are sufficient to state a claim when the plans are in the control of defendant). The Complaint alleges representative plan provisions and alleges that many plans contain the same or similar provisions. Comp. ¶ 75. These allegations are sufficient to state a claim. *Id.*; *Rapid Tox*, 2017 WL 3658841,

2017 U.S. Dist. LEXIS 136218, at *22 (denying motion to dismiss breach of contract claim on similar grounds); *Encompass Office Sols., Inc. v. Conn. Gen. Life Ins.*, Civil Action No. 3:11-cv-02487-L, 2012 WL 3030376, 2012 U.S. Dist. LEXIS 103479, at *23 (N.D. Tex. 2012). Aetna's Motion should be denied on this ground.

**F.**      **7 to 7's claim for money had and received (Count 8) is appropriately pleaded as an alternative to its breach of contract claim and applies to the parties' relationship here.**

Aetna first argues that 7 to 7's claim for money had and received is barred here by the economic loss doctrine. Mot. at 18. Aetna is mistaken, however, because a claim for money had and received may appropriately be pleaded as an alternative to a breach of contract claim. *Rapid Tox*, 2017 WL 3658841, 2017 U.S. Dist. LEXIS 136218, at *24-25 (rejecting defendant's argument that the economic loss doctrine barred plaintiff's claim and holding that it survived dismissal as an alternative to plaintiff's breach of contract claim); *see Total Rx Care, LLC v. Great N. Ins. Co.*, No. 3:16-cv-2965-B, 2017 WL 3034083, 2017 U.S. Dist. LEXIS 110882, at *8 (N.D. Tex. July 17, 2017) (citing FED. R. CIV. P. 8(d)(3)); *Baisden v. I'm Ready Prods., Inc.*, No. H-08-0451, 2008 WL 2118170, 2008 U.S. Dist. LEXIS 39949, 2008 WL 2118170, at *10 (S.D. Tex. May 16, 2008) ("a claim for unjust enrichment may properly be pleaded in addition and/or as an alternative to a breach of contract claim"); *Waller v. DB3 Holdings, Inc.*, 2008 WL 373155, 2008 U.S. Dist. LEXIS 10185, *5 (N.D. Tex. February 12, 2008) (denying motion to dismiss because it would be "premature to dismiss the unjust enrichment claim as being foreclosed by existing contracts").

Next, Aetna again makes the argument that 7 to 7 conferred no benefits upon it, and thus 7 to 7's claim for money had and received should be dismissed. Mot. at 19. This argument fails as a matter of law for the same reasons as those discussed in Section III.A., *supra*, regarding 7 to 7's breach of implied contract claim. *E.g., Team Healthcare*, 2012 WL 1617087, 2012 U.S. Dist.

LEXIS 63760, at *19 (collecting cases); *Conn. Gen. Life Ins.*, 2012 WL 3030376, 2012 U.S. Dist. LEXIS 103479, at *25 (in the context of ERISA governed plans, rejecting the argument that an insurer does not receive a benefit when healthcare services are provided to its insured). For this reason, federal courts in Texas have rejected Aetna's argument as a valid reason to dismiss a claim for money had and received. *E.g.*, *Rapid Tox*, 2017 WL 3658841, 2017 U.S. Dist. LEXIS 136218, at *26 (holding plaintiff's allegations of underpayments sufficient to state a claim for money had and received).

### G.   7 to 7 adequately pleads a claim for theft of services (Count 9) under Sections 31.04(a)(2) and 31.04(a)(4) of the Texas Penal Code.

Aetna once again argues that because it did not obtain any services, 7 to 7's claim for theft of services under Sections 31.04(a)(2) and 31.04(a)(4) should be dismissed. Mot. at 19. For the reasons stated in Sections III.A. and III.F., *supra*, as a matter of law 7 to 7 did confer a benefit upon Aetna when it provided services to its insureds. *See Team Healthcare*, 2012 WL 1617087, 2012 U.S. Dist. LEXIS 63760, at *19 (collecting cases). In addition, the Complaint alleges sufficient facts to state a claim for theft of services. *See Rapid Tox*, 2017 WL 3658841, 2017 U.S. Dist. LEXIS 136218, at *26-28 (denying motion to dismiss and rejecting argument that plaintiff did not provide any services to defendant).

### H.   The Complaint adequately alleges each element of a claim for promissory estoppel (Count 10).

Aetna argues that 7 to 7's claim for promissory estoppel fails to allege adequately the elements of a promise, foreseeability, or reliance. Mot. at 20. For the reasons discussed in Section III.C., *supra*, the Complaint contains sufficiently detailed factual allegations to demonstrate these three elements. These allegations are sufficient to state a claim for promissory estoppel. *Tex. Gen. Hosp., LP v. United HealthCare Servs.*, Civil Action No. 3:15-CV-02096-M, 2016 WL 3541828, 2016 U.S. Dist. LEXIS 84082, at *35 (N.D. Tex. 2016) (collecting cases); *Grand Parkway Surgery*

18

*Ctr., LLC v. Health Care Serv. Corp.*, No. H-15-0297, 2015 WL 3756492, 2015 U.S. Dist. LEXIS 77373, at *14 (S.D. Tex. 2015) ("These allegations adequately state a promissory estoppel claim under Texas law. Plaintiff is not required at this stage to quote the specifics of each representation allegedly made in connection with each of the 293 separate claims."); *Rapid Tox*, 2017 WL 3658841, 2017 U.S. Dist. LEXIS 136218, at *36 ("other courts have held that similar complaints to Plaintiff's are adequate to state a claim for promissory estoppel"); *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 965-66 (E.D. Tex. 2011). Aetna's Motion should be dismissed on this ground.

## **PRAYER**

For all the foregoing reasons, Aetna's Motion should be denied in its entirety. 7 to 7 respectfully requests that the Court deny Defendants' Motion to Dismiss and award 7 to 7 all other relief, in law or in equity, to which it may be justly entitled.

Respectfully submitted,

FRANCIS & TOTUSEK, L.L.P.

By: */s/ Blair G. Francis*
    Blair G. Francis
    State Bar No. 07354900
    Thomas G. Seidler
    Texas State Bar No. 24121113
    (W.D. TX Admission Pending)

500 North Akard Street, Suite 1830
Dallas, TX 75201
Telephone: (214) 740-7250
Facsimile:  (214) 740-4266
blair.francis@ftllplaw.com
thomas.seidler@ftllplaw.com

***Attorneys for Plaintiffs SC Shine PLLC
and Potranco 7 to 7 PLLC***

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing instrument was served on Defendants by delivering it to all counsel of record via the Court's CM/ECF filing system on September 13, 2022.


/s/ *Blair G. Francis*
Blair G. Francis

N:\Motion\Dismiss\Responses in Opposition\7to7Dental.Aetna.docx